# United States Court of Appeals
FOR THE DISTRICT OF COLUMBIA CIRCUIT

---

**No. 26-1106** **September Term, 2026**

**DEA-91FR22714**

**Filed On:** September 9, 2026

SAM, Inc. and National Drug and Alcohol Screening Association, Inc.,

Petitioners

v.

United States Department of Justice, et al.,

Respondents

------------------------------

Consolidated with 26-1130, 26-1136

**BEFORE:** Wilkins, Walker, and Garcia, Circuit Judges

## O R D E R

Upon consideration of the joint motion for stay pending review, the opposition thereto, and the reply; the amicus brief in opposition to a stay filed by Cannabis Industry Attorneys, which the court construes as including a motion to participate as amicus curiae; and the motion for leave to intervene filed by MedPharma Iowa, LLC, and Tri-Mountain Pure, LLC ("Medical Marijuana Companies"), which includes an alternative request for permission to participate as amicus curiae, the oppositions to the motion, and the reply, it is

**ORDERED** that Medical Marijuana Companies' motion for leave to intervene be denied and their alternative request for permission to participate as amicus curiae be granted. Medical Marijuana Companies fail to demonstrate that their interests in this litigation are not adequately represented by existing parties. See United States v. All Assets Held at Credit Suisse (Guernsey) Ltd., 45 F.4th 426, 432 (D.C. Cir. 2022). It is

**FURTHER ORDERED** that Cannabis Industry Attorneys' motion for leave to participate as amicus curiae be granted. It is

**FURTHER ORDERED** that the motion for stay be denied. Petitioners have not satisfied the stringent requirements for a stay pending court review. See Nken v.

# United States Court of Appeals
FOR THE DISTRICT OF COLUMBIA CIRCUIT

**No. 26-1106** **September Term, 2026**

Holder, 556 U.S. 418, 434 (2009); D.C. Circuit Handbook of Practice and Internal Procedures 33 (2025). It is

**FURTHER ORDERED**, on the court's own motion, that the parties submit, within 30 days from the date of this order, proposed formats for the briefing of these cases. The parties are strongly urged to submit a joint proposal and are reminded that the court looks with extreme disfavor on repetitious submissions and will, where appropriate, require a joint brief of aligned parties with total words not to exceed the standard allotment for a single brief. Whether the parties are aligned or have disparate interests, they must provide *detailed* justifications for any request to file separate briefs or to exceed in the aggregate the standard word allotment. Requests to exceed the standard word allotment must specify the word allotment necessary for each issue.

**Per Curiam**