# United States Court of Appeals
FOR THE DISTRICT OF COLUMBIA CIRCUIT


**No. 26-1106** **September Term, 2026**

**DEA-91FR22714**

**Filed On: November 17, 2026**

SAM, Inc. and National Drug and Alcohol Screening Association, Inc.,

Petitioners

v.

United States Department of Justice, et al.,

Respondents

------------------------------

Consolidated with 26-1130, 26-1136

**BEFORE:** Millett, Katsas, and Rao, Circuit Judges

## O R D E R

Upon consideration of the joint proposed briefing schedule and format, it is

**ORDERED** that the following briefing schedule and format will apply in these consolidated cases:

| | |
|---|---|
| Petitioners' Consolidated Opening Brief (not to exceed 15,000 words) | November 24, 2026 |
| Amicus Briefs in Support of Petitioners (not to exceed 6,500 words) | December 1, 2026 |
| Respondents' Response Brief (not to exceed 15,000 words) | January 13, 2027 |

| | |
|---|---|
| Amicus Briefs in Support of Respondents (not to exceed 6,500 words) | January 20, 2027 |
| Petitioners' Consolidated Reply Brief (not to exceed 7,500 words) | February 5, 2027 |
| Deferred Joint Appendix | February 12, 2027 |
| Final Briefs | February 19, 2027 |

The parties will be informed later of the date of oral argument and the composition of the merits panel.

The court reminds the parties that:

> In cases involving direct review in this court of administrative actions, the brief of the appellant or petitioner must set forth the basis for the claim of standing. . . . The brief must include arguments and cite evidence establishing by a "substantial probability" the claim of standing.

See D.C. Cir. Rule 28(a)(7); Sierra Club v. EPA, 292 F.3d 895, 898 (D.C. Cir. 2002).

Petitioners should raise all issues and arguments in the opening briefs. The court ordinarily will not consider issues and arguments raised for the first time in the reply briefs.

To enhance the clarity of their briefs, the parties are urged to limit the use of abbreviations, including acronyms. While acronyms may be used for entities and statutes with widely recognized initials, briefs should not contain acronyms that are not widely known. See D.C. Circuit Handbook of Practice and Internal Procedures 43-44 (2026); Notice Regarding Use of Acronyms (D.C. Cir. Jan. 26, 2010).

Parties are strongly encouraged to hand deliver the paper copies of their briefs to the Clerk's office on the date due. Filing by mail may delay the processing of the brief. Additionally, counsel are reminded that if filing by mail, they must use a class of mail that is at least as expeditious as first-class mail. See Fed. R. App. P. 25(a). All briefs and appendices must contain the date that the case is scheduled for oral argument at the top of the cover. See D.C. Cir. Rule 28(a)(8).

**Per Curiam**

**FOR THE COURT:**
Clifton B. Cislak, Clerk

BY: /s/
Francis A. Walter
Deputy Clerk